UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER GRAHAM and<br>JOSE CUEVAS | : | CIVIL ACTION NO. |
| | : | |
| | : | 303CV990(AWT) |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | FEBRUARY 4, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO PRECLUDE EXPERT TESTIMONY, OR IN THE ALTERNATIVE TO MODIFY THE
SCHEDULING ORDER**

**I.      PRELIMINARY STATEMENT**

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, and Rule 16(b) of the Local Rules for the United States District Court for the District of Connecticut, the Defendant, Fireline, Inc., ("Defendant") requests that this Court issue an order precluding the plaintiffs, Alexander Graham and Jose Cuevas ("Plaintiffs"), from utilizing any expert witnesses in this case on the ground that the time for Plaintiffs to disclose their experts has passed, and, preclusion is warranted pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.  In the alternative, Defendant requests that the court extend all current discovery deadlines by three months and move the trial readiness date to sometime after January 1, 2005.

**II.     STATEMENT OF FACTS**

By Complaint dated May 19, 2003, Plaintiffs commenced this suit in Connecticut Superior Court.  On June 4, 2003, the Defendant removed this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1441(a).

On July 17, 2003, this Court issued a Scheduling Order, which provided, <u>inter alia</u>, that <u>Plaintiff's expert disclosure and reports were due by December 1, 2003.</u>  Defendant has been understanding regarding Plaintiffs' difficulty in meeting the deadlines agreed to by the parties, and ratified by this Court.  In fact, Defendant previously did not object when Plaintiffs requested an additional thirty (30) days to respond to Defendant's First Set of Interrogatories and Requests for Production.  Moreover, Defendant has given Plaintiffs an additional sixty five (65) days to disclose their experts and provide expert reports, before taking this action.  However, Defendant's ability and willingness to cooperate can only extend so far – the fact remains that Plaintiffs initiated this lawsuit and must be prepared to prosecute it.  Defendant is being unfairly prejudiced by the unnecessary delay now being encountered.

As of the date of this Motion, Plaintiffs have not disclosed any experts (liability or causation), nor have they produced any expert reports.  Defendant is operating in the dark with absolutely no idea of the specifics related to Plaintiffs' allegations of product defect.  Defendant cannot take the depositions of Plaintiffs experts by the current March 1, 2004 deadline, as no experts have not been disclosed, and no reports have been provided.  Plaintiffs have yet to provide a damages analysis, as called for in the initial Scheduling Order.[1]  As of now, Defendant has a deadline of April 1, 2004, by which to disclose its own experts – a deadline which Defendant hereby requests be extended to at least August 1, 2004.  Surely, Defendant cannot disclose its own experts without the benefit of Plaintiffs' experts' opinions.  Accordingly, because Plaintiff has not disclosed any experts or expert reports, as ordered by this Court, Defendant respectfully requests that Plaintiff be precluded from utilizing any experts at trial.  In the

---

[1]  The Scheduling Order calls for Plaintiffs to provide a damages analysis by "December 1, 2004."  The "2004" was clearly a typographical error, and should have read "December 1, 2003," in that the case is currently scheduled for trial readiness in September of 2004.

alternative, Defendant requests that the court modify the existing scheduling order so as to push all deadlines back by at least three months, with a new trial readiness date to be chosen for after January 1, 2005.

### III. ARGUMENT

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure speaks for itself: "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."[2]  Similarly, Rule 26(a)(2)(B) provides: "Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness."  Finally, Rule 26(e) requires parties to supplement or correct previously given disclosures or responses whenever a party learns that a prior disclosure or response is incomplete or incorrect in some material respect.  This disclosure requirement extends to expert testimony, whether in the form of a report or in the form of deposition testimony.  Fed. R. Civ. P. 26(e)(1).

Failure to comply with the requirements set forth in Rule 26 is sanctionable under Rule 37(c)(1), which provides that "[a] party that <u>without substantial justification</u> fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness . . . not so disclosed."  Fed. R. Civ. P. 37(c)(1) (emphasis added).

Moreover, Rule 26(a)(2) is considered to impose an <u>automatic</u> disclosure requirement on parties such that they must disclose information regarding the background and qualifications of

---

[2]  Federal Rules of Evidence 702, 703, and 705 together set out the parameters for use at trial of expert testimony.

any experts, along with the substance of and basis for any opinions such experts will offer. 7 Moore's Federal Practice, § 37.60[1] (Matthew Bender, 3d ed.) at 37-114, 37-115.[3]

"The purposes of Rule 37 sanctions are to ensure that a party will not be able to profit from its own failure to comply, to secure compliance with a particular order and to deter the parties and others from failing to comply with discovery obligations." Cruz v. Meachum, et al., 159 F.R.D. 366, 368 (D. Conn. 1994) (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)). In determining whether sanctions are warranted, the court must weigh the full record in the case. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976).

Plaintiffs' failure to disclose any experts or expert reports by the December 1, 2003 deadline constitutes a violation of Rule 26(a)(2)(A) as well as a violation of Rule 26(e). Defendant has given Plaintiffs an additional sixty five (65) days to make these disclosures. Plaintiffs, however, have still not disclosed any experts or provided any expert reports. Defendant is being severely prejudiced by the delay. The sanction of preclusion is appropriate in this instance.

In Almonte v. The Coca-Cola Bottling Company of New York, et al., 169 F.R.D. 246 (1996), Judge Dorsey stated: "The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court." Almonte v. The Coca-Cola Bottling

---

[3] While the drafters of the Rules intended the preclusion sanction to be automatic and self-executing, in reality, the party moving for exclusion must demonstrate that the opposing party has violated Rule 26(a) or Rule 26(e)(1). 7 Moore's Federal Practice, § 37.60[2][a] (Matthew Bender, 3d ed.) at 37-116, 37-117.

Company of New York, et al., 169 F.R.D. 246, 249 (1996) (internal quotation marks and citation omitted).

As Plaintiffs have failed to disclose any experts or produce any expert reports by the dates agreed to by the parties and imposed by the Court, Plaintiffs should be precluded from using at trial any expert witnesses in this case.

## IV.    CONCLUSION

Wherefore, for the reasons set forth above, the Defendant respectfully requests that this Court issue an Order granting its Motion and precluding the Plaintiffs from offering expert testimony in this case.  In the alternative, because the current schedule cannot reasonably be met, despite Defendant's diligence, as discussed above, Defendant requests that the court modify the existing scheduling order to push back all deadlines by at least three months and to change the date by which the case is to be trial ready to sometime after January 1, 2005.  The delay now being encountered was not reasonably foreseeable when the scheduling order was agreed to. Moreover, Defendant will be severely prejudiced, through no fault of its own, if the trial readiness date is not changed.

THE DEFENDANT
FIRELINE, INC.


By_____
      Mark B. Seiger
      Fed. Bar No. ct 05580
      mseiger@edwardsangell.com
      Charles F. Gfeller
      Fed. Bar No. ct 18119
      cgfeller@edwardsangell.com
      EDWARDS & ANGELL, LLP
      90 State House Square
      Hartford, Connecticut 06103
      Phone: (860) 525-5065
      Fax: (860) 527-4198

**CERTIFICATION**

      This is to certify that on the 4th day of February, 2004, a copy of the foregoing has been mailed via certified mail, postage prepaid, to the following:

Thomas A. Virgulto
Fed. Bar. No. ct 12058
Mongillo, Insler & Virgulto, P.C.
26 Elm Street
New Haven, CT  06510
(203) 787-5805

 

_____
Charles F. Gfeller