UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER GRAHAM and<br>JOSE CUEVAS | : | CIVIL ACTION NO. |
| | : | |
| | : | 303CV990(AWT) |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| FIRELINE, INC. | : | |
| | : | |
| Defendant | : | FEBRUARY 6, 2004 |

**DEFENDANT FIRELINE, INC.'S MOTION TO STRIKE PLAINTIFFS' REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES AND OBJECTION TO PLAINTIFF'S DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 12(f) and 38, respectively, the defendant, Fireline, Inc. ("Defendant"), hereby moves to strike the Reply to Defendant's Affirmative Defenses, dated January 29, 2004, filed by plaintiffs Alexander Graham and Jose Cuevas ("Plaintiffs"), and objects to the Plaintiffs' Demand for Jury Trial, dated January 29, 2004. In support of its Objection, Defendant offers the following:

**I.      BACKGROUND AND PERTINENT FEDERAL RULES**

A.      The Federal Rules

Fed. R. Civ. P. 7, entitled "PLEADINGS ALLOWED; FORM OF PLEADINGS," states in pertinent part:

> (a) **Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim. . . **No other pleading shall be allowed**, except that the court may order a reply to an answer or a third-party answer.

(emphasis added).  Fed. R. Civ. P. 7(a).

Fed. R. Civ. P. 12(f) states the following:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, **immaterial, impertinent**, or scandalous matter.

(emphasis added).  Fed. R. Civ. P. 12(f).

Fed. R. Civ. P. 38(b) sets forth the time limit for a party to demand a jury trial as of right. It provides, in relevant part:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action *and not later than 10 days after service of the last pleading directed to such issue*. . . .

Fed. R. Civ. P. 38(b) (emphasis added).  In addition, subsection (d) of Fed. R. Civ. P. 38 states that "The failure of a party to serve and file a demand as required by this rule *constitutes a waiver by the party of trial by jury*."  (emphasis added).  Fed. R. Civ. P. 38(d).

    B.    <u>Procedural Background</u>

In the case at bar, Plaintiffs instituted this action on or about May 19, 2003.  Defendant filed its Answer and Affirmative Defenses on June 4, 2003.  Plaintiffs have now filed a "Reply to Defendant's Affirmative Defenses," dated January 29, 2004.  Plaintiffs also waited until January 29, 2004, almost *eight months* after Defendant's Answer, to submit a demand for a jury trial.

## II.  MOTION TO STRIKE

As the court is well aware, under the Federal Rules of Civil Procedure, no "Reply" to Affirmative Defenses is filed. *See* Fed. R. Civ. P. 7(a). In fact, absent a court order, a "Reply" to Affirmative Defenses is not allowed. *See Id.* Indeed, the court has not ordered a reply to be filed here. Accordingly, Plaintiffs' "Reply" is improper, under Rule 7(a), and it is immaterial and impertinent to the case, as it has no legal significance.

***Plaintiffs are attempting to back-door an extremely late jury claim by filing their "Reply" at this time.*** Plaintiffs obviously believe that their "Reply" brings their jury claim within the 10-day timeframe of Rule 38(b). However, the "Reply" is prohibited by Rule 7(a), and it is an immaterial, impertinent pleading, as it is not called for under the Federal Rules, and so it should be stricken.

Accordingly, Defendant hereby moves to strike Plaintiffs' Reply to Defendant's Affirmative Defenses, dated January 29, 2004. Moreover, as is more fully set forth herein, Plaintiffs' tardy jury demand must be denied.

## III.  OBJECTION TO PLAINTIFFS' TARDY JURY DEMAND

By failing to timely file their demand for a jury trial, Plaintiffs, pursuant to Fed. R. Civ. P. 38(d), effectively waived any right they now claim to litigate this case before a jury. Accordingly, Plaintiffs' Demand for a Jury Trial must be denied.

In addition, although Fed. R. Civ. P. 39(b) permits a federal court, in the exercise of its sound discretion, to order a jury trial absent the moving party's compliance with the express language of Fed. R. Civ. P. 38(b), the Second Circuit requires that the moving party make a

sufficient showing – beyond "mere inadvertence," justifying the exercise of such discretion. *See Ayiloge v. City of New York*, 2000 U.S. Dist. LEXIS 17777, at *3 (S.D.N.Y. Dec. 7, 2000) (denying motion to add demand for jury trial, in part, because, "the strong federal policy against untimely jury demands is not to be lightly disregarded . . . whether a case is tried before a judge or a jury subtly affects every aspect of the case from the outset.") (attached hereto as *Exhibit A*); *see also Washington v. New York City Board of Estimate*, 709 F.2d 792, 797 (2d Cir. 1983) (denying untimely demand for jury trial in case of pro se plaintiff – "***waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse***.") (emphasis added) (citing Wright & Miller, *Federal Practice & Procedure*, § 2321, at 101 (1971)).

This is the case even where the case is removed from state court, where the requirements of Rule 38 are inapplicable, to federal court, where the stringent requirements of Rule 38 must be afforded great deference. *See Galella v. Onassis*, 487 F.2d 986, 996 (2d. Cir. 1973) (denying untimely demand for jury trial in case removed from state to federal court regardless of differing state and federal procedures – "untimely requests for jury trial **must be denied** unless some cause beyond mere advertence is shown.") (emphasis added) (citing *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967)).

In this case, Plaintiffs have set forth no reasons, not even mere inadvertence, justifying their extremely untimely demand for a jury trial. Certainly, their "Reply" to Defendant's Affirmative Defenses is of no significance. There is simply no excuse for Plaintiffs' decision to ignore the plain language of Rule 38(b). Moreover, the fact that Defendant removed this case to

Federal Court is not sufficient justification for Plaintiffs' tardy demand, especially considering that Defendant removed this case to federal court almost immediately after it was instituted in state court by the Plaintiffs. *See Id.* **Under the Federal Rules, a court may not grant an untimely demand for a jury trial simply because the Plaintiffs, or their counsel, have suffered a change of heart or have, in the interim, discovered the applicable rules of procedure**. *See, e.g.*, *Washington*, 709 F.2d at 798 (stating that "it is clear that the test of waiver that is applied to other constitutional rights, that there must have been an intentional relinquishment or abandonment of a known right or privilege, is not applicable to the right of trial by jury.") (citations and quotations omitted). Certainly, the court cannot allow Plaintiffs to *back-door* their way into a jury trial, as they have attempted to do via their "Reply" to Defendant's Affirmative Defenses.

WHEREFORE, and based on the foregoing reasons, the Defendant Fireline, Inc., respectfully requests that the Court strike Plaintiffs' Reply to Defendant's Affirmative Defenses and deny Plaintiff's untimely Demand for Jury Trial.

- 6 -

       Respectfully submitted,

       THE DEFENDANT
       FIRELINE, INC.


By_____
       Mark B. Seiger
       Fed. Bar No. ct 05580
       mseiger@edwardsangell.com
       Charles F. Gfeller
       Fed. Bar No. ct 18119
       cgfeller@edwardsangell.com
       EDWARDS & ANGELL, LLP
       90 State House Square
       Hartford, Connecticut 06103
       Phone: (860) 525-5065
       Fax: (860) 527-4198

## **CERTIFICATION**

  This is to certify that on the 6th day of February, 2004, a copy of the foregoing has been mailed via certified mail, postage prepaid, to the following:

Thomas A. Virgulto
Fed. Bar. No. ct 12058
Mongillo, Insler & Virgulto, P.C.
26 Elm Street
New Haven, CT  06510
(203) 787-5805

_____
Charles F. Gfeller, Esq.