UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER GRAHAM and JOSE CUEVAS : | CIVIL NO.  3:03 CV 990 (AWT) |
| : | |
| Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| FIRELINE, INC. : | |
| : | |
| Defendant. : | JUNE 15, 2004 |

## DEFENDANT'S MOTION TO PRECLUDE PROFFERED EXPERT TESTIMONY OF RAYMOND J. ERIKSON PURSUANT TO FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT*

The Defendant, Fireline, Inc. ("Defendant" or "Fireline"), through its undersigned counsel, respectfully requests this Court to preclude the Plaintiffs, Alexander Graham ("Graham") and Jose Cuevas ("Cuevas") (collectively "Plaintiffs"), from introducing at trial the proffered expert testimony of Raymond J. Erikson ("Erikson") pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*"). Specifically, but not by way of limitation, Defendant avers that: (1) Erikson is not qualified to render expert testimony regarding the design of the fused silica pour cup at issue; (2) he is unable to tesify as to proximate cause; and (3) the "expert's'" methodology has not been the subject of peer review or publication in the industry.  Accordingly, Erikson's proffered expert testimony is not relevant or reliable, and thus, should be excluded.  Moreover, Erikson should not be afforded any further

opportunity to conduct testing or any further analysis in this matter, since the date for Plaintiffs' expert disclosure has expired and Fireline has already completed the deposition of Erikson.[1]

Defendant submits herewith a Memorandum of Law in support of its motion.

WHEREFORE, Defendant respectfully requests this Court to preclude Plaintiffs from introducing the testimony of their proffered expert, Raymond J. Erikson, in this case. Moreover, Plaintiffs initiated this lawsuit and have the burden of proof, and as their deadline for putting forth a reliable, complete expert opinion has passed, Erikson should be precluded from conducting any further testing, and Plaintiffs should be precluded from relying upon any other experts, not previously disclosed.

THE DEFENDANT
FIRELINE, INC.


By   /s/ Charles F. Gfeller
Mark B. Seiger, Esq.
Fed. Bar No. ct 05580
Charles F. Gfeller, Esq.
Fed. Bar No. ct 18119
EDWARDS & ANGELL, LLP
90 State House Square
Hartford, Connecticut 06103
(860) 525-5065
Telecopy (860) 527-4198

---

[1] Plaintiffs' deadline to disclose their experts was January 29, 2004.

- 3 -

## **CERTIFICATION**

       This is to certify that on the 15th day of June, 2004, a copy of the foregoing has been mailed via First Class U.S. Mail, postage pre-paid, to:

Thomas A. Virgulto, Esq.
Mongillo, Insler & Virgulto, P.C.
26 Elm Street
New Haven, CT  06510

                                         /s/ Charles F. Gfeller
                                         Charles F. Gfeller

HFD_136953_1.DOC/CGFELLER