Westlaw.

2000 WL 1844651                                                                  Page 1
**(Cite as: 2000 WL 1844651 (D.Conn.))**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

EDBERG, et al
v.
CPI, INC.

No. 398CV716(JBA).

Nov. 22, 2000.

*MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO DISCOVERY ORDER OF MAGISTRATE JUDGE MARGOLIS [DOC. # 66-1, # 66-2]*

ARTERTON, J.

*1 By Complaint filed April 16, 1999, plaintiffs commenced this patent infringement suit under 35 U.S.C. § 101 *et. seq.* Defendant asserts affirmative defenses of non-infringement, patent-in-suit invalidity and unenforceability, estoppel, laches and *res judicata,* and counterclaims for a declaratory judgment on non-infringement, invalidity and unenforceability. On May 7, 1999, after colloquy with counsel on the record, the Court entered a scheduling order pursuant to Fed.R.Civ.P. 16(b), requiring fact discovery to be completed by December 1, 1999. On March 23, 2000, plaintiffs filed their Motion to Compel Answers to Interrogatories, the Production or Inspection of Documents and Responses to Requests for Admissions [doc. # 53]. Defendant had interposed an objection of untimeliness to this discovery under this scheduling order by counsel's letter and thereafter by formal objection, because plaintiffs' discovery was not served until November 23, 1999 and thus could not be complied with by the December 1, 1999 discovery completion date. This Motion was referred to the Magistrate Judge for ruling, which was issued June 22, 2000 [doc. # 65].

Defendant CPI objects to the Magistrate Judge's Ruling overruling its timeliness objection. Specifically, CPI claims clear error in the Magistrate Judge's conclusion that plaintiffs' construction of the Court's Scheduling Order [doc. # 35] that "[f]act discovery shall be completed by December 1, 1999" was reasonably understood to establish the date by which plaintiffs' discovery was required to be served.

In a pre-motion conference held with this Court on November 17, 1999, plaintiffs' counsel had represented that plaintiffs' fact discovery was complete except for a Rule 30(b)(6) deposition, which had been unable to be taken until after the December 1, 1999 fact discovery completion date. Several days later, plaintiffs served additional written discovery on defendant, which became the subject of plaintiffs' motion to compel.

The operative language of the Scheduling Order in dispute is the phrase "fact discovery shall be completed by ...". No caselaw exists construing the meaning of "completed" in a scheduling order. Undoubtedly this is so because such construction has been heretofore unnecessary. "Completed" is a word commonly used in scheduling orders for its commonly accepted meaning, which is specifically clarified in D. Conn. Local Rule 38, Appendix, Form 26(f) Report of Parties' Planning Meeting, used in this District since July 1, 1998. This Appendix is the form required for reporting the parties' planning conference results under Local Rule 38. ("... [T]he participants shall jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to the Rules.") Section V.E. of Form 26(f) Report of Parties' Planning Meeting, "Discovery," ¶ 2 states, in part: "All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by [date] and completed (*not propounded* ) by [date]." (emphasis added) The phrase "completed by" is thereafter reiterated in the form in reference to early discovery and depositions. Section V.E. ¶ ¶ 7, 8 reference "deadline for completing all discovery" and the "discovery cutoff date."

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

2000 WL 1844651                                                                                                           Page 2
**(Cite as: 2000 WL 1844651 (D.Conn.))**

*2 The verb "complete" means "to bring to an end," "to make whole, entire or perfect," "to mark the end of." *Webster's Third New International Dictionary, Unabridged* (1993). In common litigation parlance, "completed" means 'to finish'; it does not mean to *begin* to bring to an end, as propounding or serving discovery does.

Thus, the term "completed" with reference to a discovery schedule is not reasonably amendable to a definition of "propounded," since it is the *parties'* discovery, not just one side's discovery, which has been scheduled to be completed, thus enabling the case to move on to the next scheduled phase. If one party does not propound its written discovery at least 30 days prior to the ordered completion date, the other party is deprived of its 30 day response period under Fed.R.Civ.P. 33(b), 34(b), and 36(a). While some Districts have adopted Local Rules which expressly state that discovery cutoff means that date by which responses to written discovery is due and by which depositions are to be completed ( *see,* Local Rules cited in Pl.'s Mem. in Support of Pl.'s Mot. to Compel, doc. # 54, p. 4), the absence of such specification in a Local Rule does not connote a rejection of this meaning. The Judges of this District have uniformly utilized this phraseology--"discovery shall be completed"--to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form.

Plaintiffs' interpretation of the date for completing discovery as not in actuality meaning December 1, 1999, as ordered, but whenever the 30 days response period expired, is nonsensical. The purpose of scheduling orders is to schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner. Plaintiffs' rationale would defeat this scheduling objective, particularly under this tight Scheduling Order, which additionally scheduled expert disclosures for February 1, 2000 and expert discovery completion by July 1, 2000. It specifically noted that "under this compressed schedule, it is imperative that the parties work diligently and reasonably to resolve discovery disputes, reserving for judicial determination only those discovery issues which cannot be resolved in light of existing law and professional legal experience."

The parties' original 26(f) Planning Report [doc. # 30] filed April 1, 1999, also uses the term "completed." ("Completion of Fact Discovery: July 30, 2000 ... Completion of expert discovery December 1, 2000," ¶ 3.) It makes no reference to service of fact discovery, and plaintiffs point to nothing in the Report suggesting that service of discovery was within their contemplation in preparing the Report. Tellingly, plaintiffs make no parallel argument that the order requiring "completion of expert discovery" would be satisfied by serving notices of expert depositions, and the parties' report states "[t]he depositions will commence as soon as practicable and be completed by July 30, 2000," ¶ 5.

*3 The Court reconsiders a decision on pretrial matters such as this Magistrate Judge's Ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court concludes that the meaning of its order was evident on its face, and not amenable to plaintiffs' interpretation, in light of its purpose, and by reference to Rule 38 and its appended Form 26(f) Parties' Planning Report, which the parties were required to follow.

Conclusion

Thus, the Magistrate Judge's conclusion that plaintiffs' construction of the Scheduling Order requirements was reasonable was clearly erroneous. Defendant's Objection to Discovery Order of Magistrate Judge [doc. # 66-1] is SUSTAINED and Plaintiffs' Motion to Compel Responses to their untimely discovery [doc. # 65] is DENIED.

2000 WL 1844651, 2000 WL 1844651 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works