Westlaw.

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Page 1

H
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, Plaintiff,
v.
HEATH FIELDING INSURANCE BROKING
LTD., individually and as agent for FAREX
G.I.E. and American International Group, Inc.,;
Farex G.I.E. and Michael P.
Kearney, Defendants.

**No. 91 CIV. 0748.**

Jan. 17, 1996.

OPINION AND ORDER

LOWE, District Judge.

*1 This is a diversity action for fraud involving a treaty retrocession insurance contract ("Contract"). [FN1] Before the Court are the objections of Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") to: (1) the June 13, 1995 Report and Recommendation of Magistrate Judge Lee ("June 13 Report"), which recommends that this Court deny St. Paul's motion for leave to file a Second Amended Complaint against Defendant Heath Fielding Insurance Broking Ltd. ("Heath"); [FN2] (2) the July 26, 1995 Report and Recommendation of Magistrate Judge Lee ("July 26 Report"), which recommends that this Court deny Heath's motion for summary judgment on Plaintiff's fraud claims and grant Heath's motion for summary judgment on Plaintiff's negligent misrepresentation claim; and (3) the July 3, 1995 Order of Magistrate Judge Lee ("July 3 Order"), which denies Plaintiff's Application to Strike Heath's Responses to Plaintiff's Second Set of Interrogatories. [FN3] For the reasons stated herein, Plaintiff's objections are sustained in part and overruled in part.

BACKGROUND [FN4]
I. *The Original Complaint*

St. Paul commenced this action in February 1991. Plaintiff's complaint ("Original Complaint") alleged, *inter alia,* that: (1) Defendant Kearney, previously employed by Plaintiff's affiliate, St. Paul Reinsurance Management Corporation, as a facultative insurance underwriter, entered into the Contract without authority and fraudulently concealed the transaction by issuing certificates of insurance which inaccurately memorialized the terms of the Contract; and (2) Heath, which allegedly knew or should have known of Kearney's lack of authority, received the false certificates and concealed them from St. Paul. The Contract allegedly bound Plaintiff for two years to pay losses on certain property risks insured by American International Group, Inc. ("AIG") and reinsured by Farex G.I.E. ("Farex"). St. Paul claims that the Contract exposed it to unlimited liability in exchange for fixed premiums, and that such an arrangement is neither commercially reasonable nor customary.

The Original Complaint included claims of fraud and negligence against Heath. With respect to the negligence claim, the Original Complaint alleged, *inter alia,* that Heath (1) knew or should have know that Kearney acted without authority; (2) did not take proper steps to alert St. Paul of Kearney's improper actions; and (3) made material misrepresentations concerning the risks to be insured under the Contract. Original Complaint ¶¶ 59-68, 92-96. [FN5] With respect to the element of duty, the Original Complaint alleged that "[a] reinsurance broker owes a duty of care as a professional to all parties in the negotiation and placement of reinsurance and retrocession transactions." *Id.* ¶ 93.

Heath and Farex moved to dismiss the Original Complaint, which Kearney answered. The Court stayed discovery pending resolution of the motions to dismiss. Magistrate Judge Lee issued a Report and Recommendation dated November 15, 1991 ("November 1991 Report"), which addressed

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                                                                                    Page 2
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Heath's motion to dismiss. [FN6] The November 1991 Report recommended, *inter alia,* that because "Plaintiff has not identified any source of a duty that could give rise to a cause of action for negligence against Heath," this Court should grant Heath's motion to dismiss St. Paul's negligence claim and deny leave to replead with respect to that claim. November 1991 Report at 62-64. Plaintiff failed to object to this portion of the Magistrate Judge's Report.

*2 By Opinion and Order dated May 25, 1993 ("May 1993 Order"), the Court, addressing various objections to a number of the Magistrate Judge's rulings, dismissed all of Plaintiff's claims against Farex and Plaintiff's rescission and declaratory judgment claims against Heath on *forum non conveniens* grounds. May 1993 Order at 6-9, 20-22. [FN7] The Court also dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) , Plaintiff's claims against Heath for negligence, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. *Id.* at 18-20. The Court granted Plaintiff leave to amend its complaint against Heath to adequately allege fraud damages. *Id.* at 15.

II. *The First Amended Complaint*

In December 1993, Plaintiff filed an amended complaint ("First Amended Complaint"). The complaint was filed as of right against Kearney, Heath and AIG and was accompanied by a motion for leave to amend as to Farex. The First Amended Complaint realleges fraud against Kearney and Heath based on Kearney's lack of authority and concealment of false certificates. First Amended Complaint ¶¶ 66, 173-180. [FN8] The First Amended Complaint also expounds upon Plaintiff's claims that Heath and Farex made misrepresentations about the risks to be insured under the Contract, and specifically alleges that Heath made misrepresentations to Kearney which induced him to sign the Contract. *Id.* ¶¶ 72-76. Thus, the First Amended Complaint portrays Kearney as both a faithless employee and an innocent victim of Heath's misrepresentations. The First Amended Complaint also adds AIG as a defendant and alleges that St. Paul was the victim of a concerted, fraudulent scheme involving Heath, Farex and AIG. *Id.* ¶¶ 119-130. Finally, the First Amended Complaint adds a cause of action against

Heath for negligent misrepresentation. *Id.* ¶¶ 189-195. The claim is based on a duty "to provide correct information" which arises out of: "possession of superior knowledge not available to Plaintiff; taking positive actions to conceal the true facts; knowledge that Plaintiff was acting under a mistaken belief; the duty to disclose present in every reinsurance transaction; or creating a false impression by providing some facts but concealing others." *Id.* ¶ 192.

Kearney, Heath and AIG moved to dismiss the First Amended Complaint, and Farex opposed St. Paul's motion for leave to amend. Heath argued, *inter alia,* that Plaintiff's claim for negligent misrepresentation should be dismissed because the Court had already determined that Heath owed no duty to Plaintiff which could form the basis of a negligence claim. Heath's Mem. In Supp. of Mot. to Dismiss Am. Compl. at 56-62. Magistrate Judge Lee issued a Report and Recommendation dated March 28, 1994 ("March 1994 Report"), which recommended that this Court deny Heath's motion to dismiss "in all respects." March 1994 Report at 89-90. [FN9] The March 1994 Report did not address Heath's argument that the Court had previously precluded Plaintiff's negligent misrepresentation claim. [FN10]

*3 By order dated July 25, 1994 ("July 1994 Order"), this Court, addressing the parties' objections to the March 1994 Report, affirmed the viability of St. Paul's fraud claims against Heath and Kearney and directed St. Paul to proceed to trial on those claims. July 1994 Order at 4. [FN11] The July 1994 Order stayed all other proceedings in the case and declined to address the parties' motions with respect to any other proceedings. *Id.* The Court noted that Plaintiff had appropriately pled fraud damages by alleging the litigation expenses it incurred in defending suits brought by Farex over the validity of the Contract. *Id.* The July 1994 Order did not explicitly address Heath's argument with respect to the viability of Plaintiff's negligent misrepresentation claim. *Id.*

III. *Discovery*

The parties began discovery following entry of the July 1994 order. Through discovery, St. Paul obtained, among other documents, Heath's internal files and the claims and underwriting files for the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Page 3

risks ceded to Farex and reinsured by St. Paul. St. Paul and Heath conducted depositions of 27 witnesses, including Kearney. Although Plaintiff completed its direct examination of Kearney on October 19, 1994, Kearney's deposition was not fully completed until March 29, 1995. Plaintiff alleges that the materials it obtained during discovery clarified its knowledge of Heath's misrepresentations to Kearney and suggested that its claims regarding Kearney's lack of authority were inaccurate. In April 1995, Magistrate Judge Lee set deadlines of May 31, and July 7, 1995 for fact and expert discovery, respectively.

IV. *Expert Reports*

During an April 1995 scheduling conference with the parties, Magistrate Judge Lee ordered that counsel exchange "expert reports" by June 19, 1995. Apr. 13, 1995 Conf. Tr. at 47. [FN12] On June 19, 1995, Heath served St. Paul with supplemental answers to expert interrogatories that St. Paul had served on Heath in September 1994. Heath filed two sets of interrogatory answers, one for each of its experts. Each set of answers is approximately five pages long, contains three general conclusions concerning the experts' opinions, and states that the conclusions are based "on the entire record." Pl.'s July 3 Objs. Exs. D-E (Heath's Supp. Resp. and Objs. to Pl.'s 2d Set of Interrogs.). On June 20, 1995, St. Paul served on Heath's attorneys lengthy reports prepared by its experts.

OBJECTIONS TO JUNE 13 REPORT

(MOTIONS FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT AND FOR A
"STATUS QUO"
ORDER WITH RESPECT TO AIG AND FAREX)
BACKGROUND
I. *Plaintiff's Motion for Leave to File a Second Amended Complaint*

In April 1995, St. Paul asked Heath to consent to the filing of a Second Amended Complaint, which would (1) delete all of St. Paul's claims against Kearney and the claims against other Defendants which were based on Kearney's alleged lack of authority ("Authority Claims") and (2) amend St. Paul's allegations of Heath's misrepresentations. Heath refused to consent to the new complaint and

instead suggested that the parties stipulate to the voluntary dismissal of the Authority Claims pursuant to Federal Rule of Civil Procedure 41 (" Rule 41") and that Plaintiff seek to amend its misrepresentation claims in the joint pre-trial order. St. Paul refused to follow Heath's suggestion and moved, pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), for leave to file its Second Amended Complaint on April 20, 1995. [FN13] St. Paul also moved for an order "preserving the First Amended Complaint against the remaining defendants, American International Group, Inc. ("AIG") and Farex G.I.E. ("Farex")." Pl.'s June 13 Objs. Ex. E at 1 (Pl.'s Mem. in Supp. of Mot. for Leave to File Second Am. Compl.). The Second Amended Complaint omits St. Paul's claims against these two remaining defendants. *Id.* at 2.

II. *The June 13 Report*

*4 After hearing oral argument on Plaintiff's Motion to File a Second Amended Complaint, Magistrate Judge Lee ruled on the matter from the bench. June 13 Report. [FN14] Because the Magistrate Judge found that "some of the issues raised by [St. Paul's] motion may be case dispositive," she issued a recommended decision on the motion pursuant to 28 U.S.C. § 636(b)(1)(B) (1995), rather than an order pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 1. The June 13 Report recommends denial of Plaintiff's motion to amend without prejudice to St. Paul's rights to seek dismissal of the Authority Claims by motion or stipulation and to "include in the joint pre-trial order any evidence pleaded in the proposed second amended complaint ... [[[which] would be admissible as tending to prove claims pleaded in the existing complaint." *Id.* at 52-53.

The June 13 Report recommends denial of leave to amend on two grounds: (1) Plaintiff's failure to submit an affidavit based on personal knowledge explaining the complete reversal in Plaintiff's theory of the case, i.e., explaining why it took Plaintiff four years to determine whether Kearney was its ally or adversary, *id.* at 53-56; and (2) the fact that Heath might be prejudiced by the amendment because it could necessitate further discovery which the Magistrate Judge was not inclined to permit, *id.* at 57. Finally, the June 13 Report finds that denial of Plaintiff's motion to amend mooted Plaintiff's request to maintain the First Amended Complaint as

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

the operative pleading against AIG and Farex. *Id.* at 56.

DISCUSSION
I. *Motion to File a Second Amended Complaint*

A. *Standard of Review*

Because a motion to amend a complaint is not dispositive, the Court reviews the Magistrate Judge's disposition of Plaintiff's motion only to determine whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1102 n.1 (9th Cir. 1985); *Wahad v. Federal Bureau of Investigation,* 132 F.R.D. 17, 20 (S.D.N.Y. 1990) (citing *Moore v. Kelley,* No. 75 Civ. 6203 (MJL) (S.D.N.Y. Jan. 27, 1987) at 4-6, attached as exhibit A to Heath's Opp'n to Pl.'s June 13 Objs.). Plaintiff argues that because the Magistrate Judge issued a Report pursuant to 28 U.S.C. § 636(b)(1)(B), the Court must review the Magistrate Judge's findings *de novo.* This Court finds, however, that the dispositive nature of a magistrate judge's decision, rather than a magistrate judge's election to proceed under subsection (B) rather than (A) of 28 U.S.C. § 636(b)(1), governs the extent of the district court's review. *See* 28 U.S.C. 636(b)(1); Charles A. Wright and Arthur R. Miller, 12 *Federal Practice and Procedure* § 3076.5 at 48 (1995 Supp.) ("When a pretrial matter is not among the listed exceptional motions [[[in Section 636(b)(1)(A)] and as long as the judge does not characterize it as dispositive, the lenient 'clearly erroneous or contrary to law' standard of Section 636(b)(1)(A) will be applied."). Thus, the Court reviews the June 13 Report solely to determine whether it is clearly erroneous or contrary to law.

B. *Standard for Filing an Amended Complaint Under Rule 15(a)*

**\*5** The Federal Rules of Civil Procedure provide that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that courts should allow amendment absent a finding of: (1) "undue delay, bad faith or dilatory motive on the part of the movant;" (2) the movant's "repeated failure to cure deficiencies by amendments previously allowed;" (3) "undue prejudice to the

opposing party;" or (4) "futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Second Circuit has clarified that a court is "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993). Of course, the court has discretion "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990), *cert. denied,* --- U.S. ---, 112 S. Ct. 3036, 120 L. Ed. 2d 905 (1992). Further, the moving party bears the burden of providing a satisfactory reason for its delay, *id.,* and the longer the unexplained delay, the less a showing of prejudice is required by the non-moving party, *Block,* 988 F.2d at 350.

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block,* 988 F.2d at 350 (quoting *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)). Thus, in this circuit, denial of leave to amend must be premised, at a minimum, upon a finding of bad faith, undue prejudice or futility. Plaintiff contends that the June 13 Report lacks such a premise and that the Court should therefore set aside its findings. After review, the Court agrees and finds the June 13 Report contrary to law. [FN15]

C. *Review of June 13 Report*

1. *Bad Faith*

First, as Heath concedes, the Magistrate Judge did not find that Plaintiff's motion to amend was made in bad faith. [FN16] Heath's Mem. at 31. Plaintiff seeks to amend its complaint to drop all Authority Claims and to conform certain other claims to the evidence. St. Paul allegedly seeks amendment, rather than any other procedural alternative, [FN17] so that it may avoid being bound by allegations that it made against Kearney in the First Amended Complaint but no longer embraces. June 13 Report at 55; Pl.'s June 13 Objs. at 33-34. *See United States v. GAF Corp.,* 928 F.2d 1253, 1259-60 (2d Cir. 1991) (party's superseded pleading is

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Page 5

admissible as judicial admission, but is not conclusive against party); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121-22 (2d Cir. 1990) (judicial admission which party failed to amend was conclusive against party); *Finnish Fur Sales Co. v. Furs Unlimited, Inc.,* No. 89 Civ. 6284, 1992 WL 47372, at *2 (S.D.N.Y. Mar. 4, 1992) (unless party moves to amend pleading, the statements therein are conclusive against that party). The June 13 Report contains no finding that Plaintiff's motives in seeking amendment are other than those it asserts. *See* June 13 Report at 55.

*6 Plaintiff's reason for seeking amendment does not constitute bad faith under the federal rules. "[T]he draft[ers] of Fed. R. Civ. P. 15 quite obviously intended that a party who, on investigation of the facts, discovers that the matters in dispute are not as first supposed ought not to be required to stand on his [or her] initial formulation of claims or defenses." *Nyscoseal, Inc. v. Parke, Davis & Co.,* 28 F.R.D. 24, 25 (S.D.N.Y. 1961). *See also Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 92 (S.D.N.Y. 1981). Further, because the Federal Rules of Civil Procedure aim to facilitate the decision of cases on their merits, courts generally allow amendments to permit the presentation of the "real issues of the case." 3 James W. Moore et al., *Moore's Federal Practice,* ¶ 15.08[2] at 15-48-49 and cases cited therein (2d ed. 1995). Under these governing principles, a party cannot be deemed to act in bad faith simply because it seeks to avoid being bound by judicial admissions it no longer endorses. Thus, the June 13 Report contains no basis for finding that Plaintiff's acted in bad faith. [FN18]

### 2. Undue Prejudice

The June 13 Report also fails to make a finding of any cognizable prejudice to Heath. The June 13 Report contains the following discussion of prejudice:

> [I]t was suggested that defendant Heath might seek some additional discovery if the amendment were granted. Under no circumstances would I permit additional discovery in light of the age of this case, and the fact that it was already going to go to trial about a year later than Judge Lowe ordered.
> The down side of that is that the absence of discovery might prejudice somebody, and cases

are supposed to be decided on the merits and not on the basis of strategic considerations, so the proposed amendment would require either further delay in the form of discovery which I am not going to permit or would require somebody to go to trial without discovery that arguably ... might be necessary to permit it to defend.

June 13 Report at 57.

As a preliminary matter, the Court is wary of denying a motion to amend on so tenuous a finding of prejudice. Heath apparently failed to persuade the Magistrate Judge that the proposed amendments *would,* as opposed to *might,* necessitate additional discovery which could not be completed before the discovery deadline. This Court is itself not convinced by Heath's claim that the proposed amendments would require substantial additional discovery. On the one hand, Heath claims that the amendments would require it to conduct significant additional discovery and other trial preparation, without which it would be prejudiced. Heath's Opp'n to Pl.'s June 13 Objs. at 21-25. On the other hand, Heath has suggested that St. Paul can efficiently achieve the changes it seeks by filing a stipulation and order discontinuing its Authority Claims and by using the joint pre-trial order to address additional facts obtained through discovery. *Id.* at 12; Pl.'s June 13 Objs. Ex. I (Apr. 13, 1995 letter from Elliot M. Kroll to Dan K. Webb). The Court does not understand how Heath's discovery burdens will significantly differ under the procedure it suggests and the procedure to which it objects.

*7 In addition, the need for additional discovery does not alone constitute prejudice. *Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.,* 392 F.2d 380, 386 (2d Cir. 1968); *United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248, 1255 (2d Cir. 1989). Finally, as the June 13 Report implies, such additional discovery will only prejudice Heath if the Magistrate Judge refuses to extend the discovery deadline. *See* June 13 Report at 57. Because the Court has not yet set a trial date for this case, any possible prejudice to Heath could appropriately be obviated by extending Heath's discovery deadline should such an extension prove necessary. *See, e.g., Russell v. Hilton Int'l of Puerto Rico, Inc.,* 1995 U.S. Dist. LEXIS 5210, at *2-*3 (S.D.N.Y. Apr. 19, 1995) (allowing motion to amend and noting that prejudice could be avoided by extending discovery deadline); *Bankers Trust*

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

*Co. v. Weinick, Sanders & Co.,* 1993 WL 478124, at \*8 (S.D.N.Y. Nov. 12, 1993) (same). [FN19]

C. *Futility*

Heath also argues that Plaintiff's motion should be denied because the amendment would be futile. Heath claims that (1) St. Paul's negligent misrepresentation claim has already been rejected by this Court and (2) St. Paul cannot establish fraud damages. The June 13 Report does not address Heath's arguments in this respect. Magistrate Judge Lee's July 26, 1995 Report, however, which is discussed below, addresses the viability of Plaintiff's claims in the context of Heath's motion for summary judgment. For the reasons stated below, the Court accepts the Magistrate Judge's recommendation that Heath's summary judgment motion be granted with respect to Plaintiff's negligent misrepresentation claim but denied with respect to Plaintiff's fraud claims. Because Plaintiff's fraud claims remain viable, its motion to amend is not futile.

D. *Conclusion*

For the reasons discussed above, the June 13 Report lacks an adequate basis for denying Plaintiff's Motion to File a Second Amended Complaint. [FN20] Accordingly, the Court sets aside as contrary to law the portion of the June 13 Report that denies that motion.

II. *Plaintiff's Request that the Court Enter an Order Preserving the Status Quo as to AIG and Farex*

Plaintiff also moved in April 1995 to preserve the First Amended Complaint as the operative pleading against AIG and Farex so as to avoid waiving any rights it has against those parties. The Second Amended Complaint omits Plaintiff's claims against AIG and Farex. This Court has dismissed Farex from this case and has held in abeyance Plaintiff's motion for leave to file the First Amended Complaint against Farex. May 1993 Order at 9; July 1994 at 4. The Court has also previously held in abeyance AIG's motion to dismiss the First Amended Complaint. July 1994 Order at 4. As Plaintiff notes, this circuit's law does not establish whether a plaintiff who has had certain of its claims dismissed must reassert those claims in an amended

pleading in order to preserve its rights on appeal. Pl.'s June 13 Objs. at 42. *See Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F. Supp. 69, 79 (S.D.N.Y. 1982) (failure to include dismissed claims in amended complaint might be deemed waiver of the claims); *United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 695 F. Supp. 1426, 1432 (E.D.N.Y. 1988) (discussing split of authority on issue).

\*8 Because the Magistrate Judge denied Plaintiff's motion to file a Second Amended Complaint, she did not address Plaintiff's request with respect to AIG and Farex. In its present objections, Plaintiff replaces its request that the Court maintain the First Amended Complaint as the operative pleading against Farex [FN21] and AIG with a request that the Court issue an order that "St. Paul shall not waive its rights against AIG and Farex by omitting its claims against those defendants from the Second Amended Complaint." Pl.'s June 13 Objs. at 42-43. [FN22] Although neither AIG nor Farex have opposed St. Paul's request, Heath objects that the order sought is without legal precedent and would unduly complicate this case. Heath's Opp'n to Pl.'s June 13 Objs. at 42-45.

Although Plaintiff's request is unusual, the Court believes that it is appropriate. Pursuant to Federal Rule of Civil Procedure 42(b), the Court's July 1994 Order (1) directed Plaintiff to proceed to trial against Heath and Kearney and (2) stayed all other proceedings in this case. The July 1994 Order aimed to simplify this litigation and encourage expeditious resolution of the central issues of the case. Because all proceedings relevant to Farex and AIG are currently stayed, it is most efficient to allow St. Paul to proceed solely against Heath and Kearney at this stage in the litigation. Accordingly, St. Paul's request is granted.

OBJECTIONS TO JULY 26 REPORT

(HEATH'S MOTION FOR SUMMARY
JUDGMENT)
BACKGROUND
I. *Heath's Motion for Summary Judgment*

On May 24, 1995, Heath moved for summary judgment on Plaintiff's First Amended Complaint. Heath argued that it was entitled to summary judgment on Plaintiff's fraud claims because

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Plaintiff had inadequately pled damages resulting from the alleged fraud. Heath's Opp'n to Pl.'s July 26 Objs. Ex. A at 20-29 (Heath's Mem. in Supp. of Mot. for S.J.). Heath argued its entitlement to summary judgment on Plaintiff's negligent misrepresentation claim on the grounds, *inter alia,* that: (1) the Court had already ruled that Heath owed no duty to Plaintiff which could support a negligence claim; and (2) St. Paul had not demonstrated any "special relationship" between itself and Heath. *Id.* at 29- 31.

II. *The July 26 Report*

The July 26 Report recommends that this Court deny Heath's motion with respect to Plaintiff's fraud claims, finding that St. Paul's submissions raised a genuine issue of material fact with respect to damages. July 26 Report at 42- 46. [FN23] No party has objected to this portion of the July 26 Report, and the Court, having satisfied itself that there is no clear error on the face of the record, adopts the recommendation. *See* Fed. R. Civ. P. 72(b), advisory committee note on 1983 addition.

The July 26 Report, however, recommends granting Heath's motion for summary judgment on Plaintiff's negligent misrepresentation claim. The July 26 Report finds that the "law of the case" doctrine bars Plaintiff's negligent misrepresentation claim because this Court previously dismissed all of Plaintiff's negligence claims with prejudice. July 26 Report at 46-52. Alternatively, the July 26 Report holds that Plaintiff's negligent misrepresentation claim is legally insufficient because nothing in the record indicates that Heath and St. Paul had the kind of "special relationship" upon which a negligent misrepresentation claim must be based. *Id.* at 52-54.

DISCUSSION

I. *Standard of Review*

**\*9** Because Heath's motion for summary judgment is dispositive, the Court reviews *de novo* the portions of the July 26 Report to which St. Paul objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b) . St. Paul argues that the law of the case doctrine does not support a grant of summary judgment, but warrants denial of Heath's motion. St. Paul also contends that it has created a genuine issue of material fact with respect to the existence of a

special relationship between it and Heath.

II. *Legal Standards*

A. *Summary Judgment*

To prevail on summary judgment, the moving party must prove that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) . All disputed facts will be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *Suburban Propane, a Div. of Nat'l Distillers and Chem. Corp. v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir. 1992).

B. *Law of the Case*

"The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *DiLaura v. Power Auth. of New York,* 982 F.2d 73, 76 (2d Cir. 1992) (internal quotation omitted). The doctrine governs issues that the court has previously decided "either expressly or by necessary implication." *DeWeerth v. Baldinger,* 38 F.3d 1266, 1271 (2d Cir. 1994), *cert. denied,* --- U.S. ----, 115 S. Ct. 512, 130 L. Ed. 2d 419 (1994) (internal quotation omitted).

III. *Review of Magistrate July 26 Report*

A. *Law of the Case*

This Court agrees with the Magistrate Judge that Plaintiff's negligent misrepresentation claim is barred by the Court's previous dismissal with prejudice of Plaintiff's negligence claims against Heath. The Magistrate Judge's November 1991 Report on Heath's motion to dismiss the Original Complaint recommended that because "Plaintiff has not identified any source of a duty that could give rise to a cause of action for negligence against Heath," this Court should grant Heath's motion to dismiss St. Paul's negligence claim and deny leave to replead with respect to that claim. November 1991 Report at 62-65. Plaintiff did not object to this portion of November 1991 Report. Accordingly, the Court adopted the Magistrate Judge's recommendations and dismissed with prejudice

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Plaintiff's negligence claim against Heath. May 1993 Order at 20.

Plaintiff, in the First Amended Complaint, repleads its negligence claim, this time framing the claim as one for negligent misrepresentation and casting Heath's duty in a different light. [FN24] The Original Complaint alleged that "[a] reinsurance broker owes a duty of care as a professional to all parties in the negotiation and placement of reinsurance and retrocession transactions." Original Complaint ¶ 93. The First Amended Complaint, on the other hand, alleges that Heath's duty arose out of: "possession of superior knowledge not available to Plaintiff; taking positive actions to conceal the true facts; knowledge that Plaintiff was acting under a mistaken belief; the duty to disclose present in every reinsurance transaction; or creating a false impression by providing some facts but concealing others." First Amended Complaint ¶ 192.

*10 Both the Original and First Amended Complaints allege that in placing the Contract, Heath made material misrepresentations concerning the risks to be insured thereunder. For example, Plaintiff's Original Complaint alleged that "in placing the [Contract], Heath made material misrepresentations concerning the applicable loss history and the character and volume of the risks to be reinsured." Original Complaint ¶ 68. The Original Complaint further alleged that "Heath negligently breached the duty of due care which it owed to plaintiffs by engaging in the acts [including misrepresentations] set forth with more particularity in paragraphs 23 through 71 above." *Id.* ¶ 94. Similarly, the First Amended Complaint alleges that "Heath, on its own behalf and on behalf of its principal Farex, negligently made untrue statements of material facts and negligently failed to disclose one or more material facts concerning the placement slip, the renewal slip, and the amendment as described in this Amended Complaint." First Amended Complaint ¶ 190. The First Amended Complaint also contains detailed allegations of Heath's alleged misrepresentations concerning the nature and extent of the risks to be insured and specifies that those misrepresentations were made to Kearney and induced him to execute the Contract. *Id.* ¶ 72-75. Thus, while the two negligence claims allege different bases for Heath's duty to St. Paul, they essentially arise out of the same factual predicate. [FN25]

Plaintiff cannot escape the consequences of this Court's prior dismissal ruling by alleging, at this late date, a new duty on the part of Heath. The Magistrate Judge found that Plaintiff failed to point to *any duty* owed to St. Paul by Heath. On this basis, the July 26 Report recommended denying Plaintiff leave to replead its negligence claim. Plaintiff's opportunity to allege a duty that could support a negligence claim against Heath expired when this Court adopted the Magistrate Judge's recommendations in the absence of any objection by St. Paul. Plaintiff's failure to allege an actionable duty on the part of Heath and Plaintiff's inability to replead its negligence claim are the law of this case. *See DiLaura,* 982 F.2d at 76 (court's legal rulings should continue to govern same issues in later stages of case). Thus, the Court's May 1993 dismissal of Plaintiff's negligence claim bars Plaintiff's current attempt to proceed on a negligent misrepresentation claim. [FN26] Accordingly, Heath is entitled to summary judgment on Plaintiff's negligent misrepresentation claim in the First Amended Complaint. [FN27]

B.    *Legal    Sufficiency    of    Negligent Misrepresentation Claim*

Plaintiff also objects to the Magistrate Judge's alternative recommendation that the record lacks evidence of the special relationship required to support a negligent misrepresentation claim. Because the Court finds that Plaintiff's negligent misrepresentation claim is precluded by the law of the case, it need not and does not reach the Magistrate Judge's alternate ruling or the Plaintiff's objections thereto.

OBJECTIONS TO JULY 3 ORDER

(APPLICATION TO STRIKE HEATH'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES)
BACKGROUND

I.    *Plaintiff's    Application    to    Strike    Heath's Responses    to    Plaintiff's    Second    Set    of Interrogatories*

*11 On June 23, 1995, St. Paul moved to strike Heath's Responses to Plaintiff's Second Set of Interrogatories (Heath's Responses"). St. Paul argued that Heath's Responses failed to satisfy

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                                         Page 9
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule 26(a)(2)(B)") because they were not prepared by Heath's experts and because they failed to state with particularity each of the experts' opinions and the bases therefor.

II. *The July 3, 1995 Order*

By endorsed memorandum, Magistrate Judge Lee denied St. Paul's motion, holding that "[h]aving elected to proceed by interrogatories, rather than by stipulation as to dates for the service of expert reports pursuant to Rule 26(a)(2)(B), as amended, plaintiff cannot be heard to complain that Heath's response took the form of answers to interrogatories in accordance with Rule 33." July 3 Order. [FN28] The July 3 Order further notes that "[t]he substance of the experts' opinions and the bases therefor are matters for examination at the experts' depositions or cross-examination at trial." *Id.* Finally, the Magistrate Judge, citing to various rules of the Federal Rules of Evidence, clarified that her ruling was "without prejudice to any objection plaintiff may have to the introduction of any evidence at trial, including but not limited to any experts' opinions, or bases for experts' opinions ...." *Id.*

DISCUSSION
I. *Standard of Review*

Plaintiff's motion to strike is not dispositive, and the Court therefore reviews the portions of the order to which St. Paul objects only to determine whether the Magistrate Judge's findings are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Plaintiff argues that Heath's submissions do not satisfy the requirements of Rule 26(a)(2)(B) and that the July 3 Order improperly allows Heath, but not St. Paul, [FN29] to escape the strictures of that rule. Plaintiff further contends that it has been prejudiced by Heath's failure to comply with Rule 26(a)(2)(B). Specifically, Plaintiff claims that Heath's experts have proffered opinions in their deposition testimony which were not revealed in Heath's Responses and that Plaintiff's lack of familiarity with those opinions has prevented it from adequately obtaining cross-examination and impeachment material. In the alternative to requesting that this Court reverse the July 3 Order, Plaintiff requests that the Court remedy its prejudice

by prohibiting Heath from continuing its depositions of St. Paul's experts.

II. *Requirements of Rule 26(a)(2)(B)*

Rule 26(a)(2)(B), as amended in 1993, provides that a party shall provide the other parties to the case with "a written report prepared by and signed by" each of its expert witnesses. Rule 26 (a)(2)(B). [FN30] The report must include "a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions ...." *Id.* According to the Advisory Committee notes on the 1993 amendment to Rule 26(a), paragraph (2)(B) "requires that persons retained or specially employed to provide expert testimony ... must prepare a *detailed and complete* written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Rule 26(a)(2)(B) advisory committee's note on 1993 amend. (emphasis added). Further, although "Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, ... the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness ...." *Id.*

*12 St. Paul's Second Set of Interrogatories requests the same information now required under Rule 26(a)(2)(B). When St. Paul served the interrogatories in September 1994, the Southern District of New York had not yet adopted the 1993 amendment to that rule.

III. *Review of the July 3, 1995 Order*

A. *Inadequacy of Heath's Responses*

Heath's Responses do not meet the requirements of Rule 26(a)(2)(B). First, those responses do not set forth "a complete statement" of "*all* opinions to be expressed" by Heath's experts. Rule 26(a)(2)(B) (emphasis added). Instead, Heath's responses set forth only conclusory statements of the ultimate opinions on which the experts plan to testify. For example, the sum total of Heath's "report" with respect to the opinions on which its expert Peter M. Black will testify consists of the following: [FN31]
 It is anticipated that Mr. Black will testify that, in

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                                              Page 10
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

his opinion, Heath, as reinsurance intermediary for defendant [Farex] in the placement and renewal of the aggregate stop loss reinsurance agreements between Farex, as retrocedent, and plaintiff, [St. Paul], as retrocessionaire, fully, accurately and properly disclosed, communicated and provided all information to St. Paul's underwriter, [Kearney], which was necessary for Kearney to decide whether to accept the subject reinsurance agreements on behalf of St. Paul. If Kearney required supplemental and/or additional and/or clarifying information to underwrite the risk, it was incumbent upon him to inquire further of Heath. As an experienced facultative underwriter, Kearney would have so inquired. Heath neither failed to disclose, nor misrepresented, any material aspect of the transaction.

Pl.'s July 3 Objs. Ex. D at 3. This response fails to include any of the *underlying conclusions* on which the experts' ultimate opinions are based. Bald conclusions on the ultimate issues do not alone amount to a "detailed and complete written report" of the expert's expected testimony. Rule 26(a)(2)(B) advisory committee's note on 1993 amend.

Second, Heath's Responses fail to set forth "a complete statement" of the "basis and reasons" for Heath's experts' opinions. Rule 26(a)(2)(B). Heath's Responses with respect to Mr. Black provide only that:

The basis and reasons for [Mr. Black's opinions] are the witness' review of the documentary and testimonial evidence adduced during pretrial discovery and the witness' knowledge of U.S. domestic and London market custom and practice concerning which information a reinsurance intermediary is required to communicate to a retrocessionaire in an aggregate stop loss agreement and which information a retrocessionaire in an aggregate stop loss agreement requires to underwrite a risk.

Pl.'s July 3 Objs. Ex. D at 4. This vague response does not convey much, if any, useful information and certainly cannot be deemed a "complete" statement of the reasons for Mr. Black's opinions.

Finally, Heath's Responses fail to set forth "a complete statement" of "the data or other information considered by the witness in forming the opinions." Rule 26(a)(2)(B). Heath's response to this request is again so general as to amount to no

response at all:

*13 The witness has reviewed all pleadings in this matter and the testimony of all persons examined with respect to this case (save those testifying with respect to legal fees), along with the exhibits utilized during such examinations. He has reviewed the entirety of Heath's production to Plaintiff. Further, the witness has reviewed the declarations of risks offered to the line slip in the first year, contained in Heath's production, as well as the declarations offered to the line slip in the second year.

Pl.'s July 3 Objs. Ex. D at 4. Heath's response, which neglects to identify which portions of the materials considered by the witness led to the formation of each of his opinions, is neither detailed nor complete.

In short, Heath's Responses fail to meet the clear requirements of Rule 26(a)(2)(B). Further, in addition to failing to comply with the explicit language of that rule, the responses fall far short of complying with the spirit of disclosure which underlies the 1993 amendment to Rule 26(a). *See generally* Fed. R. Civ. P. 26(a) advisory committee's notes on 1993 amend. [FN32]

B. *The July 3 Order*

Despite the fact that Heath's Responses fail to meet the requirements of Rule 26(a)(2)(B), the Magistrate Judge held: (1) that Plaintiff could not complain that Heath's responses did not satisfy Rule 26(a)(2)(B); and (2) that the substance and bases of Heath's expert opinions are matters for examination at trial and during the experts' depositions. July 3 Order. Because the July 3 Order fails to apply the requirements of Rule 26(a)(2)(B) to Heath, the Court finds it clearly erroneous.

First, the July 3 Order does not address Plaintiff's contention that Heath's Responses do not comply with Rule 26(a)(2)(B). Rather, the Order suggests that Plaintiff, by filing its interrogatories, somehow waived its rights to receive reports pursuant to Rule 26(a)(2)(B). This Court is unaware of any authority for finding that St. Paul's service of its interrogatories either relieved Heath of its obligation to comply with Rule 26(a)(2)(B) or waived St. Paul's rights to complain of Heath's noncompliance. Thus, this Court finds that it was clear error for the Magistrate Judge, who ordered

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.                                                                                      Page 11
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

the parties' submission of "expert reports," not to address St. Paul's contention that Heath's reports failed to satisfy the demands of Rule 26(a)(2)(B).

Second, the Magistrate Judge also erred in ruling that the substance and bases of expert opinions are matters for examination in depositions and trial. This conclusion disregards the fact that Rule 26(a)(2)(B), as amended, requires disclosure of those subjects in detailed, complete written reports. Accordingly, the Court sets aside the July 3 Order as clearly erroneous and contrary to law. [FN33]

Because Heath's Responses fail to comply with Rule 26(a)(2)(B), they also fail to satisfy Magistrate Judge Lee's April 13, 1995 scheduling order which required the submission of "expert reports." In these circumstances, and because Magistrate Judge Lee has long governed pre-trial matters in this case, the Court declines to decide which, if any, of the various forms of relief sought by St. Paul, *see* Pl.'s July 3 Objs. at 15-16, are appropriate at this juncture. Instead, the Court remands Plaintiff's Motion to Strike Heath's Responses to Plaintiff's Second Set of Interrogatories to Magistrate Judge Lee for further resolution in accordance with this Opinion.

CONCLUSION

**\*14** For the foregoing reasons, the Court: (1) grants Plaintiff's Motion for Leave to File a Second Amended Complaint and sets aside the portion of Magistrate Judge Lee's June 13, 1995 Report and Recommendation that denies that motion; (2) grants St. Paul's motion for an order stating that St. Paul shall not waive its rights against AIG and Farex by omitting its claims against them from the Second Amended Complaint; (3) grants Heath's Motion for Summary Judgment on Plaintiff's negligent misrepresentation claim and denies that motion with respect to Plaintiff's fraud claims, as recommended in Magistrate Judge Lee's July 26, 1995 Report and Recommendation; (4) sets aside as clearly erroneous the July 3, 1995 Order of Magistrate Judge Lee; and (5) remands Plaintiff's Motion to Strike Heath's Responses to Plaintiff's Second Set of Interrogatories to Magistrate Judge Lee for resolution in accordance with this opinion.

It is SO ORDERED.

FN1. A retrocession agreement involves the reinsurance of a reinsurance contract. May 25, 1993 Opinion and Order at 4. A treaty reinsurance contract is a "standing agreement between the parties pertaining to a number of insured risks" and is distinguishable from a facultative reinsurance contract which involves the reinsurance of a single policy. *Id.* at 4-5.

FN2. Plaintiff moved: (1) for leave to file a Second Amended Complaint against Heath Fielding; (2) to dismiss Michael P. Kearney from the Amended Complaint; and (3) to preserve the Amended Complaint against American International Group, Inc. ("AIG") and Farex G.I.E. ("Farex"). The Report recommends denial of Plaintiff's first request, without prejudice to a motion to dismiss Kearney pursuant to Federal Rule of Civil Procedure 41, and finds Plaintiff's third request moot. Thus, the central question before this Court is whether to accept the Magistrate Judge's recommendation to deny Plaintiff's motion to amend.

FN3. For simplicity, the Court will identify Plaintiff's various objections by reference to the date of the Report or Order to which they pertain (e.g., Pl.'s June 13 Objs.).

FN4. This opinion sets forth additional background information particularly relevant to each of the three pending sets of objections in the beginning of the section of this opinion which addresses those objections.

FN5. The Original Complaint is attached as Exhibit C to Plaintiff's July 26 Objections.

FN6. The November 1991 Report is attached as Exhibit D to Plaintiff's July 26 Objections.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**                                    Page 12

FN7. The May 1993 Order is attached as Exhibit E to Plaintiff's July 26 Objections.

FN8. The First Amended Complaint is attached as Exhibit F to Plaintiff's July 26 Objections.

FN9. The March 1994 Report is attached as Exhibit I to Plaintiff's July 26 Objections.

FN10. Heath also filed a motion for sanctions under Federal Rule of Civil Procedure 11 which was based, in part, on the Court's preclusion of Plaintiff's negligence claim. Pl.'s July 26 Objs. Ex. H at 6-7 (Heath's Mot. for Sanctions). Magistrate Judge Lee denied this motion without prejudice to renewal in the event that this Court rejected her recommendation on Heath's dismissal motion. Mar. 22, 1994 end. mem. (March 1994 Endorsement) (attached as Exhibit J to Plaintiff's July 26 Objections).

FN11. The July 1994 Order is attached as Exhibit K to Plaintiff's July 26 Objections.

FN12. The transcript is attached as Exhibit A to Plaintiff's July 3 Objections.

FN13. The Second Amended Complaint is attached as Exhibit A to Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended Complaint.

FN14. The June 13 Report is attached as Exhibit A to Plaintiff's June 13 Objections.

FN15. In recommending denial of Plaintiff's motion, the Report relies on Plaintiff's failure to file an affidavit explaining its delay in changing its theory of the case. *See* Report at 55-56. A delay

in seeking leave to amend, however, provides no basis for denying such leave absent a "showing of bad faith or undue prejudice." *Block,* 988 F.2d at 350 (citing *Fluor Corp.,* 654 F.2d at 856). Because the Court finds such a showing lacking, it need not reach Plaintiff's argument that the Magistrate Judge improperly relied on Plaintiff's failure to file an affidavit in denying Plaintiff's motion.

FN16. The Magistrate Judge apparently found the record lacking any factual support for Plaintiff's *good faith. See* Report at 56 ("The result on this motion might well be different if there was a factual record demonstrating how St. Paul could have proceeded in good faith on so erroneous a theory for four years with its three previous sets of counsel, all of whom are distinguished and capable counsel"). The Court does not believe that a lack of evidence of good faith alone constitutes a showing of bad faith for purposes of deciding a motion to amend.

FN17. As both Heath and the Magistrate Judge have suggested, St. Paul could achieve many of the results it seeks by dismissing Kearney under Rule 41 and clarifying the nature of its allegations in the parties' joint pretrial order.

FN18. Heath fails to offer any evidence of Plaintiff's bad faith, but merely argues that amendment is unnecessary to serve Plaintiff's objectives. *See* Heath's Opp'n to Pl.'s June 13 Objs. at 31-37. The fact that amendment may not be strictly necessary does not alone evidence bad faith. Plaintiff also correctly notes that unless it amends its pleading, it will be conclusively bound by the allegations therein.

FN19. At oral argument, the Magistrate Judge also characterized as "prejudice" the amount of money that Defendants spent on defending the claims that Plaintiff now

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1996 WL 19028 (S.D.N.Y.))

seeks to drop. Pl.'s June 13 Objs. Ex. B at 14- 15 (May 9, 1995 oral arg. tr.). Regardless of whether St. Paul's conduct entitles any of the Defendants to sanctions, *see* Report at 57, the "time, effort and money" spent by Heath to defend against Plaintiff's claims does not constitute the kind of prejudice which would justify denial of Plaintiff's motion to amend. *Block,* 988 F.2d at 351.

FN20. Because the June 13 Report contains no basis for finding bad faith, prejudice or futility, the Court need not consider Plaintiff's delay in seeking to amend since such delay cannot alone provide a basis for denying Plaintiff's motion. *Block,* 988 F.2d at 350.

FN21. The First Amended Complaint cannot be "maintained" against Farex since it has never been filed against Farex.

FN22. Plaintiff also requests an order stating that "the Farex and AIG motions shall remain stayed pending trial of St. Paul's fraud claims against Heath." Pl.'s June 13 Objs. at 42-43. Such an order is unnecessary as the Court's July 1994 Order clearly stayed the relevant motions. July 1994 Order at 4.

FN23. The July 26 Report is attached as Exhibit A to Plaintiff's July 26 Objections.

FN24. The Court is unpersuaded by Plaintiff's argument that negligent misrepresentation is an action in fraud and, thus, not covered by this Court's prior ruling with respect to its negligence claims. First, a negligent misrepresentation claim, like other negligence claims, and unlike fraud claims (which require a showing of scienter), requires the showing of a duty owed by defendant to plaintiff. *Compare White v. Guarente,* 401 N.Y.S.2d 474, 478 (1977) (negligent statement is only

actionable if expressed directly to one to whom the author is bound by some relation of duty to act with care) with *Kregos v. Associated Press,* 3 F.3d 656, 665 (2d Cir. 1993) (listing intent, but not duty, as element of common law fraud), *cert. denied,* --- U.S. --, 114 S. Ct. 1056, 127 L. Ed. 2d 376 (1994). Second, the cases cited by Plaintiff are inapposite as they only support the proposition that courts sometimes treat negligent misrepresentation as an action in fraud *for purposes of determining the applicable statute of limitations. In re Argo Communications Corp.,* 134 B.R. 776, 795-96 (Bankr. S.D.N.Y. 1991); *Toto v. McMahan, Brafman, Morgan & Co.,* No. 93 Civ. 5894, 1995 WL 46691, at * 11 (S.D.N.Y. Feb. 7, 1995); *Milin Pharmacy, Inc. v. Cash Register Sys., Inc.,* 570 N.Y.S.2d 341, 341-42 (2d Dep't 1991); *Schwartz v. Michaels,* No. 91 Civ. 3538, 1992 WL 184527, at *30 (S.D.N.Y. July 23, 1992).

FN25. Plaintiff's contention that the negligence claim in the Original Complaint is "completely independent" of Heath's misrepresentations to Kearney about the extent and nature of the risks to be insured, Pl.'s July 26 Objs at 21, is belied by paragraphs 68 and 94 of the Original Complaint. While the allegations of misrepresentations in the First Amended Complaint are certainly more detailed and developed than those in the Original Complaint, they are not fundamentally different.

FN26. This Court is unpersuaded by Plaintiff's argument that the legal sufficiency of its negligent misrepresentation claim has already been decided in its favor. Pl.'s July 26 Objs. at 17-19. Although Heath moved to dismiss the First Amended Complaint on the grounds, *inter alia,* that the May 1993 dismissal precluded Plaintiff's negligent misrepresentation claim, the Court's Order denying that motion does not mention

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1996 WL 19028 (S.D.N.Y.))**

Page 14

Heath's preclusion argument or Plaintiff's negligent misrepresentation claim. July 1994 Order. Rather, that Order (like the Magistrate Judge's March 1994 Report) is based on the Court's rejection of Heath's arguments on fraud damages and indispensable parties. *Id.;* March 1994 Report at 89-90. The Magistrate Judge's March 1994 Endorsement on Heath's motion for sanctions is also silent on the preclusion of Plaintiff's negligent misrepresentation claim. March 1994 Endorsement. Thus, the Court has not expressly or impliedly decided this issue in Plaintiff's favor. *DeWeerth,* 38 F.3d at 1271 .

FN27. Of course, this ruling also applies to Plaintiff's analogous negligent misrepresentation claim in the Second Amended Complaint. *Cf.* 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1476 (1990) (if defects raised in motion to dismiss are contained in amended pleading filed during pendency of motion to dismiss, court may consider dismissal motion as addressed to amended pleading).

FN28. The July 3 Order is attached as Exhibit M to Plaintiff's July 3 Objections.

FN29. By endorsed memorandum dated June 27, 1995, the Magistrate Judge responded in the following manner to Plaintiff's request that it be allowed to supplement its expert reports as it conducted further discovery and analysis: "Having served its expert report, St. Paul is bound thereby and may not introduce at trial (including rebuttal) evidence of which the expert's report did not give fair notice." June 27, 1995 end. mem. (attached as Exhibit L to Plaintiff's July 3 Objections).

FN30. The parties do not dispute that the Southern District of New York has adopted this portion of Rule 26 or that the

rule, as amended, applies to this case.

FN31. Heath's Responses regarding witness David H. Forrest are analogous to those regarding witness Black in all respects relevant here.

FN32. Because the Court finds Heath's responses lack the specificity and thoroughness required by Rule 26(a)(2), the Court need not reach Plaintiff's argument that those responses are inadequate because they were not personally prepared by Heath's experts.

FN33. Plaintiff also objects that the July 3 Order relieves Heath of the strictures of Rule 26(a)(2) at trial. Pl.'s July 3 Objs. at 9. The Order does not require, and the Court declines to make, such an interpretation. Both parties are bound at trial by the Federal Rules of Civil Procedure, including Rule 26(a)(2).

1996 WL 19028 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works